# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

DONALD LEE PRICE and JAN PRICE,

    Plaintiffs,

v.

NATIONSTAR MORTGAGE COMPANY, LLC,

    Defendant.

NO. 2:11-CV-27-J

## MEMORANDUM OPINION AND ORDER

Before the Court is *Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted.*

In the 47th Judicial District Court of Randall County, Texas, Defendant Nationstar Mortgage Company, LLC filed an action seeking to foreclose on property owned by Plaintiffs Donald Lee Price and Jan Price. This action is still pending.

Sometime after that action was filed, the defendants in that case filed a separate lawsuit in the same state court seeking an injunction against foreclosure on that same property. Plaintiffs' lengthy claims in that second lawsuit are primarily premised on violations of the Texas Constitution, although Plaintiffs also allege a violation of the federal Truth-in-Lending Act. This second lawsuit was removed by the Defendant in that case to this Court on February 7, 2011 on federal question jurisdiction. Plaintiffs did not move to remand.

Defendant now moves to dismiss the second lawsuit, which was removed to this Court, for failure to state a claim upon which relief can be granted.

1

A motion for failure to state a claim under FED. R. CIV. P. 12(b)(6) is to be evaluated on the pleadings alone. *See, e.g., Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986). A federal court may, however, refer to matters of public record when deciding a 12(b)(6) motion. *See, e.g., Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir. 1995).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Cox v. Hilco Receivables, L.L.C.*, --- F.Supp.2d ---, 2010 WL 4781304 at *2 (N.D.Tex. 2010).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling . . ." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

Plaintiffs allege that Defendant did not give them the disclosures required by TILA. Nationstar argues that TILA claims have a one-year statute of limitations, and that the Prices' cause of action accrued on November 18, 2001.

The purpose of TILA is to provide meaningful disclosure of credit terms. 15 U.S.C. § 1601. 12 C.F.R. § 226.5b details the disclosure requirements for home equity plans. Failure to provide the appropriate disclosures under TILA gives rise to a private right of action. 15 U.S.C. § 1640(a). The statute of limitations under TILA is one year from the violation. 15 U.S.C. § 1640(e). *See also, Lawson v. Conyers Chrysler, Plymouth, and Dodge Trucks, Inc.*, 600 F.2d 465 (5th Cir. 1979). The violation occurs when the transaction is consummated, i.e., when a contractual relationship is created between the parties. *See Bittinger v. Wells Fargo Bank NA*, 744 F.Supp.2d 619 (S.D.Tex. 2010); *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176 (S.D.Tex. 2007). Non-disclosure is not a continuing violation. *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986).

The security instrument at issue was executed on November 21, 2001. Any TILA cause of action therefore accrued on November 21, 2001. Any such action expired on or about November 22, 2002. Plaintiffs have not alleged an adequate basis for tolling. The current action under TILA is thus foreclosed by the statute of limitations.

This Court may decline to exercise supplemental jurisdiction over a claim if: (1) the claim raises a novel issue of state law; (2) the claim substantially predominates over the federal claims; (3) all federal claims have been dismissed; or (4) there are other compelling reasons for declining jurisdiction. 29 U.S.C. § 1367.

The claims in the first lawsuit (which remains in state court) are all state law claims. The claims asserted in the second lawsuit (now before this Court) were predominantly state law claims. The remaining claims in that lawsuit are all state law claims. The Court declines to exercise jurisdiction over these remaining state law claims.

Plaintiffs' claim under TILA is hereby DISMISSED as barred by the statute of limitations. All issues of state law are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1367.

IT IS SO ORDERED.

Signed this 19th day of April, 2011.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

3